UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                 **MEMORANDUM OF LAW & ORDER**
                                 Criminal File No. 9-172 (MJD/SER)

(1) JOHNNY CUONG TRAN,

       Defendant.

LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

Johnny Cuong Tran, pro se.

## I. INTRODUCTION

This matter is before the Court on Petitioner Johnny Cuong Tran's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 777] and ancillary motions.

## II. BACKGROUND

On July 6, 2009, Petitioner Johnny Cuong Tran was indicted on one count of Conspiracy to Manufacture 1,000 or More Marijuana Plants in Violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. [Docket No. 36] On November 10, 2009, Tran pled guilty to that count without a plea agreement. [Docket No. 367]

Tran's sentencing hearing began on April 6, 2010. [Docket No. 492] At that hearing, the Government informed the Court that, in the Government's opinion, Tran had not provided a complete and truthful proffer sufficient to qualify for the safety valve. (Apr. 6, 2010 Tr. 2-5.) On the record, the Government explained that Tran had provided two written statements, but that they merely affirmed what law enforcement officers had reported observing during surveillance in law enforcement reports, with no additional explanation by Tran. The Government provided specific examples of how the proffer was lacking and what information the Government needed. (See id. 2-5, 9.) Defense counsel explained, "I have been over this and over this, and Ms. Nguyen [the interpreter] can attest to this because she's been with me every time. He has told you the truth about his involvement and he has told the Government the truth." (Id. 6.) Defense counsel also began to proffer new information that was not in the written proffers. (Id. 6-8.) He further explained that there was "a swing from level 21, 37 to 46 months, to a mandatory minimum of ten years" depending on the Court's ruling on safety valve. (Id. 11.) After an in-Chambers discussion, the

parties agreed to continue the sentencing so that Tran could provide an in-person proffer to the Government to attempt to qualify for safety valve. (Id. 13.)

The sentencing hearing reconvened on July 6, 2010. [Docket No. 613] The Government stated that Tran had still failed to provide a complete and truthful proffer and provided examples of this failure. (July 6, 2010 Tr. 4.) The Government represented that one of the ways in which Petitioner lacked candor during his proffer was by failing to provide complete and truthful information related to his brother, Dat Tran. (Id. 10.) Dat Tran was not mentioned in either of the two previous written proffers. (Id. 10-11.) During the in-person proffer, Petitioner stated that he had no involvement with Dat Tran with regard to Dat Tran setting up the grow house and that Petitioner only took one trip with Dat Tran to a store to buy grow supplies, during with Petitioner stayed in the car. (Id. 10-11.) Petitioner did not dispute the Government's summary of the in-person proffer and agreed that "[o]nly one fact has changed since last we were here. We sat down with the prosecutor and the agents and Mr. Tran said he went with his brother Dat to Midwest Hydroponics, but that he did not get out of the car and Dat bought some equipment." (Id. 37, 39.)

The United States called Dat Tran to testify at the July 6 hearing. He testified that Petitioner directed him on how to set up the equipment in the grow house in Elk River, Minnesota, and also gave him ten to thirty marijuana plants for Dat Tran to use to set up yet another grow house. (Id. 16-18, 19-20.) The Court concluded that Dat Tran's testimony was credible and held that Petitioner had not provided a complete and truthful proffer. (Id. 42; Statement of Reasons.) Therefore, the Court denied safety valve and sentenced Petitioner to the statutory mandatory minimum sentence of 120 months in prison.

Petitioner appealed his sentence to the Eighth Circuit Court of Appeals, asserting that this Court erred in concluding that Petitioner had not given a full and truthful safety-valve proffer. On March 15, 2011, the appellate court affirmed Petitioner's sentence. United States v. Tran, 412 Fed. App'x 914, 917 (8th Cir. 2011).

Petitioner has now filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. After filing his § 2255 Petition, Tran filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 783]; Motion to Supplement [] Application

to Proceed in Forma Pauperis [Docket No. 784]; and a motion for Discovery, Evidentiary Hearing and Appointment of Counsel [Docket No. 785].

## III. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B. Ineffective Assistance of Counsel Standard

In order to gain relief for ineffective assistance of counsel, Petitioner must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). The burden is on Petitioner to establish a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687). The Court "need not address the

6

reasonableness of the attorney's behavior if the movant cannot prove prejudice."

Apfel, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a strong presumption that counsel's conduct falls within this broad spectrum. Strickland, 466 U.S. at 689. "Counsel's performance is deficient when it is less competent than the assistance that should be provided by a reasonable attorney under the same circumstances." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (citing Strickland, 466 U.S. at 687).

### C. Petitioner's Stated Grounds for Relief

In his § 2255 Petition, Tran sets forth four grounds for relief: 1) Tran was denied effective assistance of counsel because counsel failed to adequately prepare Tran for the proffer session and explain the terms and consequences of the proffer; 2) in sentencing him to 120 months, the Court imposed a substantively unreasonable sentence that created unwarranted sentencing disparity and failed to consider the factors set forth in 18 U.S.C. § 3553(a); 3) Tran was denied effective assistance of counsel because counsel failed to ensure that Tran understood the requirements for the proffer and failed to provide copies of documents in Vietnamese; and 4) Tran received ineffective assistance of counsel

on appeal, because appellate counsel failed to raise due process and equal protection claims based on Tran's 120-month sentence relative to the lower sentences of his co-Defendants.

### D. Requirements and Consequences of the Safety-Valve Proffer

> The safety-valve provisions permit a district court to impose a sentence below the statutory minimum term of imprisonment if, among other requirements, 'the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.'

United States v. Aguilera, 625 F.3d 482, 487–88 (8th Cir.2010) (quoting 18 U.S.C. § 3553(f)(5)).

Petitioner cannot show prejudice regarding counsel's explanation of the requirements and consequences of the safety-valve proffer because the record conclusively demonstrates that Petitioner was informed of them in open court. Tran had the assistance of a Vietnamese interpreter during both sentencing hearings. During the April 6, 2010, hearing, the Government explained that the safety-valve proffer needed to be truthful and complete and provided specific examples of instances where the previously provided written proffer was incomplete or untruthful. Also on the record, defense counsel explained that Tran had handwritten the written proffer in Vietnamese and, then, the

interpreter had translated it to English. (Apr. 6, 2012 Tr. 6.) Counsel specifically stated the sentencing consequence of failing to truthfully proffer. The Court concludes that, regardless of counsel's performance outside of the courtroom, the record reflects that Tran was aware of the need to be truthful and complete during his proffer before he gave the in-person proffer. Additionally, the record reflects that Tran was informed on the record of the consequences of the safety-valve proffer.

Finally, regardless of whether defense counsel failed to provide Tran with copies of relevant documents translated into written Vietnamese, it is undisputed that Tran received the assistance of a Vietnamese interpreter. In the § 2255 Petition itself, Tran admits that "the interpreter probably explained to Tran what he [was] supposed to do" with regard to the proffer. (Petition at 8.) Criminal defendants do not have a constitutional right to receive written translations of documents. United States v. Gonzales, 339 F.3d 725, 729 (8th Cir. 2003). "[A] court may decide to provide written translations in difficult and complicated cases." Id. This one-count marijuana case does not qualify as a difficult or complicated case, and Tran had the assistance of a Vietnamese interpreter at

every important step in this case.  The Court denies Tran's petition with regard to Grounds One and Three.

   E.   **Statutory Mandatory Minimum Sentence**

Because, as the Eighth Circuit Court of Appeals has upheld on appeal, Tran did not qualify for safety valve, the Court was required to impose the statutory mandatory minimum sentence of 120 months.  Therefore, the Court did not impose a substantively unreasonable sentence or err by failing to adequately take into account the sentencing factors set forth in 18 U.S.C. § 3553(a).  See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006).  No lower sentence could have been imposed.  The Court denies Tran's petition with regard to his second ground.

Additionally, because the Court was required to impose the statutory mandatory minimum sentence, appellate counsel was not ineffective for failing to argue that there were unwarranted sentencing disparities.  The Court denies Tran's petition with regard to his fourth ground.

   F.   **Motion for Discovery, Appointment of Counsel, and Evidentiary Hearing**

The Court denies Petitioner's motion for discovery, appointment of counsel, and an evidentiary hearing.

Under Rule 6(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, a Court "may, for good cause, authorize a party to conduct discovery." A petitioner establishes good cause when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908–09 (1997) (citation omitted). The Court concludes that Petitioner has provided no good cause for discovery.

The record conclusively demonstrates that Tran is not entitled to the relief that he seeks. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). The record clearly contradicts Tran's claim that he was not informed of the requirements and consequences of the safety-valve proffer. The other grounds for Tran's petition fail as a matter of law due to the statutory mandatory minimum sentence. Therefore, Tran's request for an evidentiary hearing is denied.

Courts may appoint counsel in a § 2255 proceeding if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court concludes that Tran's petition lacks merit, and the interests of justice do not require appointment of counsel. Additionally, because the Court has denied his request for an

evidentiary hearing, Rule 8(c) of the Rules Governing § 2255 Proceedings does not apply.

**G.     Motions for Leave to Proceed In Forma Pauperis**

The Court denies Petitioner's requests to file in forma pauperis because the Court does not charge a filing fee for § 2255 petitions. In his Motion to Supplement [] Application to Proceed in Forma Pauperis, Tran acknowledges that there is no filing fee for his petition but asks for in forma pauperis status "in the event that at some later date, fees may be required, and []he would have status of indigence established." ([Docket No. 784] at 2.) Because the Court has denied Tran's petition, there is no further possibility of fees in this proceeding before this Court.

**H.     Certification of Appealability**

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Petitioner Johnny Cuong Tran's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 777] is **DENIED**.

2. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 783] is **DENIED**.

3. Petitioner's Motion to Supplement [] Application to Proceed in Forma Pauperis [Docket No. 784] is **DENIED**.

4. Petitioner's motion for Discovery, Evidentiary Hearing and Appointment of Counsel [Docket 785] is **DENIED**.

5. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  September 6, 2012           s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court